# Hart Contractors, Inc. v. Paramount Supply Co.

*Frank R. Fleming, III*, for plaintiff.
*William Anthony,* for defendant.

ROSS, E.,*J.,* February 10, 1978 — Plaintiff, Hart Contractors, Inc., brought an action of assumpsit against Paramount Supply Company, defendant, to recover repayment of $4,833.50, the consideration paid for a swing pinion and swing bearing which allegedly did not conform to the agreement of sale between plaintiff vendee and defendant vendor. After a non-jury trial the court on May 23, 1977, entered verdict in favor of plaintiff in the amount of $4,550.09 with interest from January 25, 1976.

Defendant filed exceptions to the non-jury verdict and moved for a new trial or judgment n.o.v. alleging a number of errors. Argument on the exceptions had been scheduled for June 27, 1977, but was continued because the court reporter was unable to prepare a transcript in time for briefs to be filed in accordance with Pa.R.C.P. 249. Subsequent to that date it was learned that the court reporter had left the employment of the court to move to Europe and that her notes of the proceeding had been lost so that no other reporter could transcribe them.

The court had taken extensive notes of the testimony given at the hearing and met with counsel for plaintiff and defendant in the fall of 1977. The court suggested to counsel that they stipulate to findings of fact prepared by the court from the court's notes of the testimony. Present counsel for defendant was unwilling to stipulate to the facts found by the court based upon the notes taken at the hearing. Defendant now asserts as a further reason for a new trial that in the absence of a full and complete record due to the loss of the court reporter's notes justice requires a new trial. Plaintiff, of course, contends that as the two-time winner it should not be prejudiced by being forced to undergo a third hearing (this matter having also been heard by the board of arbitrators).

The court is most sympathetic to plaintiff and the dilemma in which it finds itself through no fault of its own. It is the recalcitrant position of defendant which prevented the reconstruction of a record through a stipulation as to the facts.

It is clear, however, that absent a stipulation as to the facts, justice requires that a new trial be ordered because this case hinges on its facts and without a transcript of testimony the record is incomplete and on appeal the appellate court would have no way of ascertaining whether or not the facts found were in accordance with the weight of the evidence or whether the law was correctly applied to the facts. The prothonotary could not certify the record in the instant case as being complete.

Most reluctantly, therefore, the court will grant the prayer of the motion of defendant for a new trial.

## ORDER

And now, February 10, 1978, after argument on

. the motion of defendant, Paramount Supply Company, requesting a new trial and judgment n.o.v. in conjunction with exceptions filed to the non-jury verdict entered May 23, 1977, and it appearing to the court that since no transcript of the testimony was filed with the record because the notes of the court reporter were lost justice and equity require the grant of a new trial;

It is ordered, adjudged and decreed that all defendant's exceptions relating to the merits of the case with respect to the motions for new trial and judgment n.o.v. are hereby dismissed;

It is further ordered that by reason of the inability of the court reporter to furnish a transcript of the testimony taken at the hearing and because a complete record as to the facts cannot be constructed, the motion of defendant for a new trial is hereby granted.